AO 451 (Rev. 01/09) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the

__MAGNESIUM Machine, LLC, et al__
*Plaintiff*

v.

__Terves, LLC, et al__
*Defendant*

)
)
)
)
)

Civil Action No. __1:19 cv 2818__

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* __3/10/22__.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date: __4/18/2022__



SANDY OPACICH, CLERK OF COURT

__s/ Mike Pele__
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAGNESIUM MACHINE, LLC, *et al.*, | ) | CASE NO. 1:19 CV 2818 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| TERVES, LLC, *et al.*, | ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Terves' Motion to Set Amount of Attorney Fees, in connection with this Court's September 9, 2020 award of attorney fees to Defendant, Terves, LLC. ("Terves"). Terves submitted an itemization of attorney fees and expenses (ECF # 68, 76). Plaintiffs filed an Opposition, and Terves filed a Reply brief in support of their request. (ECF # 77, 78). The parties also incorporate the arguments included in their pre-appeal briefing on attorney fees. (ECF #68, 69). Prior the completion of the briefing, the Sixth Circuit Court of Appeals issued an opinion and mandate affirming both the dismissal of Plaintiffs' misappropriation claim, and the award of attorney fees to the Terves. Subsequently the Court of Appeals recalled its mandate affirming the lower Court, and then re-issued a new mandate, re-affirming the holdings. (ECF #79, 80). The matter is now fully briefed and ripe for the Court's consideration.

As discussed in this Court's prior order awarding attorney fees to Defendant, the Plaintiffs' case was not based on a reasonable factual or legal interpretation of the actual circumstances at issue, and their behavior during litigation was neither professional nor

forthright. Further, their attorneys contributed to an unreasonable and vexatious multiplication of proceedings. (ECF #66). Terves is, therefore, entitled to reasonable attorney fees for the time spent defending this case from its inception through the final appeals.

The parties do not dispute that attorney fees should be awarded based on a determination of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The U.S. Supreme Court has also adopted several factors that may be considered when determining what is a reasonable hourly rate or reasonable number of hours. *See Id.* at 434 n.9.

> These factors are: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Reed v. Rhodes*, 179 F.3d 453, 471 n.3 (6th Cir. 1999)(citing *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983)); *see also Johnson v. Georgia Highway Express, Inc.*, 488 f.2d 714 (5th Cir. 1974). In addition to the above factors, the Court may consider the degree of success obtained by the prevailing party. *Hensley* 461 U.S. at 436. "Where... a prevailing party 'has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation.'" *Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988)(*quoting Hensley*, 461 U.S. at 435.). In the end, the district court has broad discretion to determine whether hours incurred are reasonable. *See Dowling v. Litton Loan Servicing OP*, 320

Fed. App'x 442, 446-47 (6th Cir. 2009).

Generally, the reasonableness of the rates corresponds to the prevailing rates in the relevant community and focuses on the experience, training, and background of the individual attorneys, and is "defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)(citations omitted); *see also, Louisville Black Police Officers Organization, Inc. V. City of Louisville*, 700 F.2d 268, 277 (6th Cir. 1983).  This case required an inordinate amount of time and labor for a case that was resolved on a motion to dismiss because of the novelty of Plaintiffs' approach, the seriousness of Plaintiffs' accusations, and the Plaintiffs' multiple, extended, and predictably unsuccessful appeals.  Terves' lawyers did exceptional work in this case, under an intense amount of pressure and achieved the best possible outcome for their clients.  The attorneys were paid their customary fee, and the fees are commensurate with rates charged by other firms in the area.  There is no claim that the fees do not correspond to fees actually paid by Defendants, or that they include any contingency or performance based windfall for the lawyers.  The defense lawyers also have a continuing professional relationship with Terves, including on-going representation in a ( not officially) related case.

Plaintiffs do not dispute that the hourly rates charges by Terves' attorneys are reasonable. The Court, therefore, finds that the rates charged by these attorneys during the course of this litigation are reasonable under all the circumstances and are fully justified by the *Hensley* factors, and other considerations approved by the Sixth Circuit.  The Court also finds that the number of hours that the defense attorneys spent on the litigation is well documented and reasonable under

the circumstances. Plaintiffs take issue with what they characterize as "block billing" in the Terves' supporting materials. Both parties acknowledge that there is no absolute prohibition on the use of block billing in support of a request for attorney fees, so long as the billing records are contemporaneous time records that include an adequate description of the work performed and the time spent performing it. The records submitted by Terves are "of sufficient detail and probative value to enable the court to determine with a high degree of certainty that the hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle v. Reliance Med. Prods.*, 515 F. 3d 531, 553 (6th Cir. 2008). Any block descriptions that included charges for work done for the same client in other matters were reviewed, edited, and discounted accordingly.

Plaintiffs also argue that multiple tasks performed by Terves' attorneys were not necessary to their success in the litigation. The Court finds this argument wholly unpersuasive. The question is not what, in retrospect, was necessary to the Defendant's success. The question is whether the costs were reasonable within the context of this litigation. All issues addressed in the billing records represent reasonable avenues of investigation and advocacy, and all time spent was reasonable in the context of this specific litigation. Plaintiffs complain about the amount of time spent on drafting a statement of facts, researching "unrelated" issues, and drafting and revising motions. However, Terves was entitled to develop arguments to counter both actual and anticipated positions of the Plaintiffs, whether or not they actually incorporated those arguments into their final briefs. Due to the nature of the accusations personally made against the defense attorney in this case, it was also reasonable for Terves' attorneys to take the time necessary to be especially thorough and precise. Therefore, it was reasonable to spend significant time

4

researching, drafting, and revising arguments, even if Plaintiffs subjectively believe it could have been done in less time. Further, because of the scorched earth approach taken by Plaintiffs from the outset, it was reasonable for Terves to spend additional time investigating their credibility and evaluating the admissibility of their evidence.

Plaintiffs also complain that they should not be charged for time spent drafting a motion for extension of time, for filing an unsuccessful motion to stay, or for submitting supplemental authority. Again, they argue that these were not "necessary" activities. They do not, however, make a case that these were not reasonable tasks within the context of this litigation. It is both reasonable and common, to have occasion to seek an extension of time on a filing deadline during the course of litigation. There is no suggestion that the motion was frivolous, or that Defendants' attorneys filed such requests excessively. It is also reasonable to attempt to notify the Court of arguably relevant authority, if it becomes known to a party after briefing is complete. The effectiveness of such an appeal may be diminished by the timing of the notice, or the value of the case, but bringing the case to the court's attention was not unreasonable on its face. Further, even if the case had been discovered prior to the completion of briefing, Defendants would have spent time researching and drafting the inclusion of the information in the Reply brief.

Considering the nature of the claims in this case, the surreptitious manner in which they were brought, the financial and reputational harm at stake, and the amount of briefing required to counter the Plaintiffs' assertions and multiple appeals, this Court finds that the number of hours expended by Defendants was reasonable. In addition, there is no dispute that the hourly fees charged were also reasonable. Therefore, the full amount of requested attorney fees is

5

recoverable.

## CONCLUSION

For the reasons set forth above, this Court finds that Defendant, Terves LLC's Motion to Set Amount of Attorney Fees is GRANTED. (ECF #76). Terves is entitled to an award of attorney fees in the full amount requested. Therefore, Plaintiffs and their attorneys are jointly and severally liable to Terves LLC for the amount of $195,651.00. IT IS SO ORDERED.

/s/ Donald C. Nugent
Judge Donald C. Nugent
UNITED STATES DISTRICT JUDGE

DATED: March 10, 2022